CITY OF NILES *v.* STREAM CONTROL COMMISSION.

1. HEALTH—POLLUTION OF RIVERS NEAR STATE BOUNDARY—STREAM CONTROL COMMISSION.

   Order of stream control commission requiring city of Niles to erect an approved sewage treatment plant was justified where it appears that it is the first city in this State down river from Indiana cities polluting same stream with untreated sewage and city had previously refused to cease polluting the stream in order that commission would be put into a position where it could compel the Indiana cities to stop their pollution (1 Comp. Laws 1929, § 278 *et seq.*).

2. CONSTITUTIONAL LAW—POLICE POWER—HEALTH—POLLUTION OF STREAMS.

   Order of stream control commission, requiring city to erect an approved sewage treatment plant in order to stop pollution of stream, was not arbitrary and unreasonable merely because other cities in this and adjoining State also polluted same stream where city herein was the first one downstream from State line and commission acted pursuant to an enactment under the police power of the State (1 Comp. Laws 1929, § 278 *et seq.*).

3. COSTS—PUBLIC QUESTION—VALIDITY OF STREAM CONTROL COMMISSION ORDERS.

   No costs are allowed in suit by city against stream control commission to determine validity of latter's order requiring plaintiff to erect an approved sewage treatment plant, a public question being involved (1 Comp. Laws 1929, § 278 *et seq.*).

Appeal from Ingham; Carr (Leland W.), J.  Submitted January 17, 1941.  (Docket No. 17, Calendar No. 41,212.)  Decided March 11, 1941.

Petition by City of Niles to decree void an order of the Stream Control Commission ordering construc-

tion of sewage treatment plant. From decree dismissing bill, plaintiff appeals. Affirmed.

*Casper R. Grathwohl,* for plaintiff.

*Herbert J. Rushton,* Attorney General, and *Edmund E. Shepherd,* Solicitor General, for defendant.

WIEST, J. Act No. 245, Pub. Acts 1929 (1 Comp. Laws 1929, § 278 *et seq.* [Stat. Ann. §§ 3.521—3.533]), created the State stream control commission with power to exercise "control of the pollution of lakes, rivers and streams and all waters of the State of Michigan and the Great Lakes, which are or may be affected by waste disposal of municipalities, industries, public or private corporations, individuals, partnership associations, or any other entity."[*]

Acting under the provisions of this law the stream control commission, on March 15, 1938, ordered:

"That the city of Niles is hereby directed to begin construction of the necessary collecting or intercepting sewers and an approved sewage treatment plant not later than May 1, 1939, the same to be completed ready for operation by May 1, 1941."

This order followed unsuccessful endeavors by the commission to have the city of Niles take care of its sewage.

The act permits review *de novo* of such order in the circuit court for the county of Ingham in chancery.

The city of Niles petitioned the circuit court for the county of Ingham to decree the order void on the ground that, considering the location of the city upon the St. Joseph river below cities discharging sewage therein, the order is unreasonable and an unlawful discrimination against the city of Niles and an arbitrary exercise of the powers and duties of

---

[*] See 1 Comp. Laws 1929, § 279 (Stat. Ann. § 3.522).—REPORTER.

the commission. Upon hearing the petition was dismissed and plaintiff prosecutes this appeal.

It is stipulated:

"The St. Joseph river has for its source Hillsdale county, Michigan. Before entering the city of Niles it collects the untreated sewage for Three Rivers, Michigan; Constantine, Michigan; Elkhart, Indiana; Mishawaka, Indiana; South Bend, Indiana; Notre Dame and St. Marys, Indiana. That the city of Three Rivers is 60 miles by river from the city of Niles and has a population of 6,863 according to the 1930 census. The city of Constantine is 52½ miles from the city of Niles and has a population of 1,259. The city or Elkhart is 25 miles by river from the city of Niles and has a population of 32,949. The city of Mishawaka is 14 miles from the city of Niles and has a population of 28,630. South Bend, Indiana, is 10 miles from the city of Niles and has a population of 104,193. The universities of Notre Dame and St. Marys are 5 miles from Niles and have an estimated population of 5,000. That the city of Niles is located on the St Joseph river in Berrien county, Michigan, and is discharging untreated sewage into the river and has a population of 11,326. The city of Buchanan is 9 miles by river below the city of Niles and has a population of 3,922. The city of Berrien Springs is 20.2 miles below the city of Niles and has a population of 1,413. That both Buchanan and Berrien Springs have sewage disposal treatment. That the cities of Benton Harbor and St. Joseph, Michigan, are located 42.1 miles below the city of Niles on the St. Joseph river and Benton Harbor has a population of 15,434 and St. Joseph of 8,349. Both Benton Harbor and St. Joseph discharge untreated sewage into the St. Joseph river."

Counsel for plaintiff states:

"The order of the stream control commission is challenged for the basic reason that it is unreason-

able in view of the unusual conditions existing in the St. Joseph river.   The unusual conditions complained of are the large deposits of industrial waste and sewage discharged into the St. Joseph river immediately before it enters the city of Niles by the Indiana cities of South Bend, Mishawaka, Elkhart and the universities of Notre Dame and St. Marys.''

The act empowering the commission provides (section 5):

''It shall have the authority to make regulations and orders restricting the polluting content of any waste material or polluting substance discharged or sought to be discharged into any lake, river, stream, or other waters of the State.   It shall have the authority to take all appropriate steps to prevent any pollution which is deemed by the commission to be unreasonable and against public interest in view of the existing conditions in any lake, river, stream, or other waters of the State.''

Plaintiff contends that in order to uphold the order of the commission it is necessary to establish that the pollution of the city of Niles is unreasonable and against public interest in view of the existing conditions in the St. Joseph river.

In order to stop pollution of the river it was necessary for the commission to take action against the city of Niles inasmuch as it was the first city in the State, on the course of the river, below the Indiana cities and thus open the way for suit to compel the Indiana cities to stop pollution of the waters of the river.   It is an instance where the State must clean up its own dooryard before being in a position to ask or seek to compel its neighbor to clean up.   This was not an arbitrary exercise of power by the commission but a practical movement toward accomplishment of a most desirable end.

The act creating the commission was under the police power vested in the State, and the order in question was not arbitrary or unreasonable but became necessary by reason of the previous refusal of the city of Niles to stop pollution of the stream. The evidence justified the order of the commission.

The order of the circuit court dismissing the petition is affirmed, but without costs, a public question being involved.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, McAllister, and Butzel, JJ., concurred.